IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,          )
                                  )
                 Plaintiff,       )          8:12CV124
                                  )
            v.                    )
                                  )
T-MOBILE USA, INC.,               )          ORDER
                                  )
                 Defendant.       )
_____  )


         This matter is before the Court on defendant T-Mobile
U.S.A.'s ("T-Mobile") motion for leave to serve a supplemental
expert report (Filing No. 312).  T-Mobile filed an accompanying
brief (Filing No. 313) and index of evidence in support of its
motion (Filing No. 314).  The plaintiff Prism Technologies
("Prism") filed a brief in opposition (Filing No. 318) to which
the defendant replied (Filing No. 334).  After reviewing the
motion, briefs, and applicable law, the Court finds as follows.

**Background**

         Prism accuses T-Mobile, and other carrier defendants,
of patent infringement.  On July 30, 2013, this Court issued its
*Markman* order construing the claims involved with this case.  One
of the many claims the Court defined was "protected computer
resources." (Filing No. 138 at 48).  "Protected computer
resources" are "Computer services, applications, or content that
is stored within the secure transaction system that can only be

accessed by a server within the secure transaction system."
(*Id.*).

T-Mobile moves for leave to serve a supplemental expert
report.  Prism's expert, Dr. David Lyon, testified at both the
AT&T and Sprint trials that providing access to the Internet is a
"protected computer resource."  T-Mobile and its expert, Mr.
James Proctor, allege that Dr. Lyon's testimony about the
internet was rejected by the Court in the *Markman* claim
construction.  T-Mobile seeks to serve a supplemental expert
report based on the "new information" that Dr. Lyon testified to
at the Sprint trial.

**Law**

Federal Rule of Civil Procedure 26(e) provides that a
party has a duty to supplement its expert report in a timely
manner when the party obtains additional information or learns
that in some material respect the disclosure or response is
"incomplete or incorrect."  Fed.R.Civ.P. 26(e)(1)(A).
Permissible supplementation under Rule 26(e) "means correcting
inaccuracies, or filing the interstices of an incomplete report
based on information that was not available at the time of the
initial disclosure."  *Keener v. United States*, 181 F.R.D. 639,
640 (D.Mont.1998).

-2-

**Discussion**

      Prism opposes T-Mobile's motion to serve a supplemental expert report.  Prism makes two arguments.  First, that Dr. Lyon's testimony regarding "protected computer resources" is not a new development that requires a supplemental report.  Second, Prism states that this Court has already addressed this argument in a previous order in the *Prism Techs. LLC v. AT&T Mobility LLC* case (Filing No. 419 in 8:12CV122).  T-Mobile argues that supplementation is necessary for its invalidity defense and the report would not prejudice the plaintiff.

      T-Mobile argues that the Court's construction of "protected computer resources" excluded Internet access.  Therefore, Prism's expert Dr. Lyon's testimony at trial that Internet access is within the construction of "protected computer resources" was improper.  T-Mobile alleges that its expert Mr. Proctor should be able to supplement his opinion on invalidity due to "new information" on the claim construction.

      The Court has already addressed T-Mobile's theory in a previous order (*See* Filing No. 419 in 8:12CV122).  Once again, the Court finds nothing in the *Markman* claim construction, express or implied, that excludes internet access from the claim.  Dr. Lyon's testimony that internet access is within the construction of "protected computer resource" is not new

-3-

information that requires supplementation under Rule 26(e).  As a result, the Court will deny the defendant's motion for leave to serve a supplemental expert report.  Accordingly,

IT IS ORDERED that T-Mobile's motion for leave to serve a supplemental expert report is denied.

DATED this 8th day of September, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court