```
               IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,     )
                             )
               Plaintiff,    )              8:12CV124
                             )
     v.                      )
                             )
T-MOBILE USA INC.,           )         MEMORANDUM AND ORDER
                             )
               Defendant.    )
_____)
```

This matter is before the Court on the plaintiff's motion (Filing No. 335) to strike the defendant's second supplemental initial disclosures. The plaintiff filed a brief (Filing No. 336) in support of its motion. The defendant filed a brief in opposition (Filing No. 366), to which the plaintiff replied (Filing No. 403). After review of the motion, briefs, indices of evidence, and the applicable law, the Court will grant the motion in part and deny it in part.

**Background**

This is an infringement action in which the plaintiff, Prism Technologies, L.L.C. ("Prism"), alleges that the defendant, T-Mobile USA, Inc. ("T-Mobile"), has infringed a series of its patents. Fact discovery closed on June 13, 2014 (*See* Filing No. 219). On July 31, 2015, T-Mobile served supplemental initial disclosures identifying two new fact witnesses. T-Mobile added Kirti Krishnan ("Krishnan") as its 30(b)(6) witness because the

previous witness is not longer employed at T-Mobile. Cameron Byrne ("Byrne"), a member of the T-Mobile Technical Staff, System Design and Strategy, was also added as an potential trial witness. Prism moves this Court to strike the second supplemental initial disclosures as being untimely.

**Legal Standard**

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires that parties provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." In addition, Rule 26(e)(1) requires that a party "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The Eighth Circuit has endorsed four considerations to aid in the substantial-justification/harmlessness analysis: "(1) the reason the party fails to name the witness; (2) the importance of the testimony; (3) the amount of time the opposing party needs to properly prepare for the testimony; and (4) whether a continuance would in some way be useful." *Citizens Bank of Batesville, Arkansas v. Ford Motor Co.,* 16 F.3d 965, 966 (8th Cir. 1994).

**Analysis**

T-Mobile argues that its supplemental disclosures of potential witnesses Krishnan and Byrne are timely. Once again, T-Mobile claims that it was "startled" to learn at the Sprint trial that Prism's expert, Dr. Lyon, described providing access to the Internet as a "protected computer resource." Based on this "new" information, T-Mobile argues that its supplemental disclosures were timely. Furthermore, T-Mobile alleges that the witnesses were known to the Prism a year ago. The witnesses were made known to Prism because both are authors of documents introduced as exhibits at depositions or produced during the discovery. In addition, Kishnan was at one time noticed for deposition, and Byrne is one of the four T-Mobile engineers that T-Mobile expert, Dr. Proctor, interviewed in forming his opinion.

Both of T-Mobile's arguments fail. First, this Court has previously found that Dr. Lyon's testimony that providing

access to the Internet is a "protected computer resource" is not new information under Rule 26(e) (*See* Filing No. 395). Due to the fact that this information is not new, T-Mobile's supplemental disclosures are not timely. Finally, the fact that the disclosed witnesses were listed as authors or interviewed for expert opinions does not make the witnesses known as potential trial witnesses. This is not the type of disclosure intended by the rules.

T-Mobile has failed to timely disclose potential witnesses under Rule 26(a) and (e) during the discovery process. The Federal Rules instruct district courts that such a "party is not allowed to use the information or witnesses . . . unless the failure was substantial justified or is harmless." Fed.R.Civ.P. 37(c)(1). The Court has considered the four factors outlined in the *Citizens Bank of Batesville* case for both witnesses Krishnan and Byrne. The Court finds that substantial justification is present for the addition of Krishnan as a potential witness. T-Mobile's previously designated 30(b)(6) witness is no longer employed at T-Mobile, but Prism was able to depose that witness. In addition, Krishnan was the manager of the previously designated witness, and was at one time disclosed as a potential 30(b)(6) designee. The Court does not find substantial

justification for the addition of Byrne as a potential witness. Accordingly,

    IT IS ORDERED that Prism's motion to strike T-Mobile's second supplemental initial disclosures is granted in part and denied in part.

    1) Prism's motion to strike the disclosure of potential trial witness Cameron Byrne is granted.

    2) Prism's motion to strike the disclosure of potential trial witness Kirti Krishnan is denied.

    DATED this 28th day of September, 2015.

    BY THE COURT:

    /s/ Lyle E. Strom

    _____
    LYLE E. STROM, Senior Judge
    United States District Court