IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
PRISM TECHNOLOGIES, LLC,      )
                              )
             Plaintiff,       )          8:12CV124
                              )
     v.                       )
                              )
T-MOBILE USA INC.,            )             ORDER
                              )
             Defendant.       )
_____)
```

This matter is before the Court on defendant's motion to exclude the testimony of John B. Minor (Filing No. 387). The defendant filed a brief (Filing No. 388) and index of evidence (Filing No. 389) in support of its motion. The plaintiff filed a brief in opposition (Filing No. 400) to which the defendant replied (Filing No. 439). After reviewing the motion, briefs, submissions of evidence, and the relevant law, the Court will deny the defendant's motion.

**Standard of Review**

Federal Rule of Evidence 702 provides that expert opinion testimony is permissible if it is based on scientific, technical, or other specialized knowledge and will assist the trier of fact. Expert opinion testimony must be given by a person qualified as an expert based on experience, training, or education. Under Rule 702, the Court must consider whether (1) the testimony is based upon sufficient facts or data, (2) the

testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. A trial judge has a gatekeeping responsibility to "ensure that an expert's testimony rests on a reliable foundation and is relevant to the task at hand." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence. *Daubert,* 509 U.S. at 592.

Rule 702 is one of admissibility rather than exclusion. *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). Case law shows that rejection of expert testimony is the exception rather than the rule. *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1069, 1101 (8th Cir. 2006). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

**Discussion**

The defendant T-Mobile USA, Inc. ("T-Mobile"), moves this Court to exclude the testimony of John B. Minor ("Minor"). T-Mobile's motion is limited to excluding Minor's liability

opinion on whether any accused network meets the "Internet Protocol network" limitation of the asserted claims (*See* Filing No. 388 at 2). T-Mobile challenges Minor's qualifications to offer a technical opinion. The plaintiff, Prism Technologies, LLC ("Prism") argues that Minor's experience building, configuring, and provisioning backhaul networks qualifies him to render an opinion as to whether T-Mobile's networks satisfy the Court's construction of "an Internet Protocol network."

The Court finds that Minor is qualified to testify as an expert in this action. T-Mobile's objections to Minor's qualifications go more to the weight to be afforded rather than admissibility. T-Mobile will have the opportunity to cross-examine, present contrary evidence, and highlight any weaknesses in Minor's testimony. As a result, the motion to exclude Minor's testimony will be denied. Accordingly,

IT IS ORDERED that defendant's motion to exclude the testimony of John B. Minor (Filing No. 387) is denied.

DATED this 29th day of September, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court