```
          IN THE UNITED STATES DISTRICT COURT

             FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,   )
                           )
          Plaintiff,       )           8:12CV124
                           )
     v.                    )
                           )
T-MOBILE USA INC.,         )           ORDER
                           )
          Defendant.       )
_____)
```

This matter is before the Court on cross motions *in limine* from both the plaintiff Prism Technologies, LLC ("Prism")(Filing No. 358) and defendant T-Mobile USA, Inc. ("T-Mobile)(Filing No. 362). After review of the motions, briefs, indices of evidence, and relevant case law,

IT IS ORDERED:

**I. PRISM'S MOTIONS *IN LIMINE***

**1) Neither party may make disparaging remarks or references to the patent system or patents.**

Granted.

**2) T-Mobile may not make any reference regarding any motives for filing the current (and related) actions.**

Granted.

**3) Neither party may refer to whether testimony from any expert witness was excluded.**

Granted.

**4) Neither party may refer to Prism's prior patent infringement lawsuits or current affiliated entities and their current business or litigation activities, except that the parties may discuss Prism's settlement agreements to establish reasonable damages and for secondary considerations of nonobviousness.**

Deferred until trial.

**5) T-Mobile may not disparage or use derogatory terms about Prism or its parent or related entities. Such disparaging or derogatory terms include "patent troll," "patent assertion entity," "shake down," "hold-up," "stick up," "ringing the bell," "blackmailers," "greenmailers," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "submarine patent," "playing the lawsuit lottery," "a company that doesn't make anything," "a company that doesn't sell anything," "litigation assertion entity" or "nonpracticing entity." The parties may, however, refer to Prism's origins as a practicing company and to the fact that Prism is no longer a practicing company.**

Granted in part, denied in part.  T-Mobile shall not use the following terms about Prism:  "patent troll," "patent assertion entity," "shake down," "hold-up," "stick up," "ringing the bell," "blackmailers," "greenmailers," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "submarine

patent," "playing the lawsuit lottery," or "litigation assertion entity."  However, T-Mobile may use the following terms  "a company that doesn't make anything," "a company that doesn't sell anything,"or "nonpracticing entity."

**6) T-Mobile may not argue that Prism has committed inequitable conduct or failed to disclose prior art to the Patent Office as T-Mobile has not asserted inequitable conduct as defense.  T-Mobile may argue that certain references were not reviewed or considered by the Patent Office.**

Granted.

**7) T-Mobile may not argue that Prism is trying to prevent or interfere with T-mobile's customers receiving data services, as Prism does not seek an injunction.**

Granted.

**8) T-Mobile may not introduce any argument, testimony, evidence or expert opinion that a damages award may increase the price of T-Mobile's wireless data services, put T-Mobile out of business, cause jobs to be lost or negatively impact the quality and/or price of T-Mobile's wireless data services.**

Granted.

**9) T-Mobile cannot present an argument that, because an unasserted claim was rejected by the PTO during examination, one or more asserted claim(s) would also be invalid.  This does not

preclude T-Mobile from referencing the prosecution history of the asserted claims.

Granted.

10) T-Mobile may not argue that it respects the intellectual property rights of others and Prism will not refer to the fact that T-Mobile is often sued for and settles patent infringement lawsuits.

Deferred until trial.

11) T-Mobile may not present evidence or argument that Mr. Minor has served as an expert for individuals accused of sexual assault.  The parties may note that Mr. Minor has served as an expert for the prosecution and defense in capital murder cases and in civil actions.

Granted.

12) Neither party may present testimony, argument, evidence or expert opinion regarding pleadings, contentions or orders from Prism's other actions against the wireless carriers, including *Prism Technologies, LLC v. AT&T* (8:12CV122); *Prism Technologies, LLC v. Sprint Spectrum L.P. d/b/a Sprint PCS* (8:12CV123); *Prism Technologies, LLC v. U.S. Cellular Corp.* (8:12CV125); and *Prism Technologies, LLC v. Cellco Partnership d/b/a Verizon Wireless* (8:12CV126), with the exception that the parties may provide context to interpret the AT&T Settlement

**Agreement, such as the damages contentions of the parties to the AT&T action.**

Denied. Parties may use the prior testimony of an expert witness from the AT&T or Sprint trials to cross-examine the same witness in this trial.

**13) T-Mobile may not present testimony, argument, evidence or expert opinion regarding a non-infringing alternative.**

Deferred until Court's ruling on pending motions (Filing No. 355 and Filing No. 369).

**14) T-Mobile's damages expert, Christopher Bakewell, may not present trial testimony or an opinion regarding any non-infringing alternatives.**

Deferred until the Court's ruling on pending motions (Filing No. 355 and Filing No. 369).

**15) T-Mobile's non-infringement expert, Mr. James Proctor, may not present trial testimony or an opinion regarding any non-infringing alternatives.**

Deferred until the Court's ruling on pending motion (Filing No. 355).

**16) T-Mobile will not call Cameron Byrne or Kirti Krishnan as witnesses at trial.**

Denied as moot. The Court has ruled on this issue (Filing No. 447 and Filing No. 457).

**17) T-Mobile experts may not present trial testimony or opinions regarding discussions with Cameron Byrne or Kirti Kirshnan.**

Deferred until trial.

**18) T-Mobile's non-infringement expert, Mr. James Proctor, may not present trial testimony or an opinion regarding discussions with T-Mobile engineers that were not disclosed as individuals likely to have discoverable information during the fact discovery period.**

Deferred until trial.

**19) T-Mobile's non-infringement expert, Mr. James Proctor, may not present trial testimony or an opinion regarding discussions with T-Mobile engineers for which he cannot remember the individual he spoke with or the details of the conversation.**

Deferred until trial.

**20) Neither party's fact witnesses will offer expert testimony under FRE 702. The parties may offer fact testimony under FRE 701.**

Granted.

**21) T-Mobile may not rely on declarations and/or affidavits served after the close of fact discovery, including JDG_PRISM_INV_0022640 - JDG_PRISM_INV_0026487, except for purposes of authentication.**

Granted.

**22) T-Mobile cannot refer to or present any evidence of its own patents, the patents of its experts (beyond as background to establish the expert's qualifications), or attempt to use its invalidity expert, Mr. Proctor, as living prior art.**

Deferred until trial.

**23) T-Mobile may not present testimony, evidence, opinion or argument that multiple GSM documents are collectively an anticipatory reference.**

Denied.

**24) T-Mobile may not present testimony, evidence, opinion or argument that the Digital cellular telecommunications system (Phase 2+) GSM 03.60, European Telecommunications Standards Institute reference was publicly available before January 31, 1997.**

Denied.

**25) T-Mobile may not present testimony, evidence, opinion or argument that GSM was in public use within the United States prior to June 11, 1996.**

Denied.

**26) T-Mobile may not present testimony, evidence, opinion or argument that the systems described in the J-STD-007-1997 or J-STD-023-1997 (the "PCS 1900 References") were in public use within the United States prior to June 11, 1996.**

Denied.

**27) T-Mobile may not present testimony, evidence, opinion or argument that a patent must describe every possible application of its claimed inventions in order to satisfy the written description or enablement requirements of 35 U.S.C. 112.**

Denied.

**28) T-Mobile may not introduce, offer testimony, other evidence, expert opinion, or argument relating to production documents bearing Bates number TMUS-PRISM0240084 through TMUS-PRISM0240671, produced August 19, 2015.**

Deferred until the Court's ruling on pending motion (Filing No. 355).

**29) The parties will not offer testimony, other evidence, or argument regarding the opposing party's failure to**

**have any other entity appear at trial or call any witness from any other related entity.**

       Granted.

**II. T-MOBILE'S MOTIONS *IN LIMINE***

       **1) Preclude testimony, evidence, or argument regarding the Sprint verdict.**

       Denied as moot.  The Court has ruled on this issue (Filing No. 398).

       **2) Preclude testimony, evidence, or argument regarding the AT&T Settlement and License.**

       Denied as moot.  The Court has ruled on this issue (Filing No. 278).

       **3) Preclude testimony, evidence, or argument that the AT&T Settlement represents an "undiscounted" value of $183 million.**

       Granted.

       **4) Preclude testimony, evidence, or argument that AT&T received a "discount" in connection with the AT&T settlement and license.**

       Denied.

       **5) If the AT&T Settlement and License is mentioned, no witness should be permitted to testify that all of the**

**consideration paid by AT&T related to only two of the 61 patents for which AT&T obtained licenses.**

Denied.

**6) Preclude any evidence, argument, or testimony regarding competitors' documents or statements made by wireless carriers other than T-Mobile, to any governmental or non-governmental organization.**

Deferred until trial.

**7) Preclude testimony, evidence, or argument regarding other wireless carriers' statements about cellular or backhaul networks, whether with respect to network security or otherwise.**

Deferred until trial.

**8) Bifurcate the Wi-Fi case from the 3G/4G case.**

Denied.

**9) Limit plaintiff's presentation on the macrocellular network to either 3G or 4G systems through bifurcation.**

Denied.

**10) Preclude cumulative questioning on infringement.**

Deferred until trial.

**11) Preclude Lyon from offering multiple, mutually exclusive infringement theories.**

Deferred until trial.

-10-

**12) Preclude any expert witness from referring to the report of another expert witness.**

Denied.

**13) Preclude any reference to the "infringement" of a claim element or limitation, thus limiting questions or testimony regarding "infringement" to the entirety of an asserted claim.**

Deferred until trial.

**14) Preclude any evidence, argument, or testimony characterizing T-Mobile's or any AAV's backhaul as "infringing."**

Deferred until trial.

**15) Preclude Minor from referring to or offering any opinion on "infringement."**

Deferred until trial.

**16) Preclude Minor from offering opinions that T-Mobile uses IP networks "to provide protected computer resources."**

Deferred until trial.

**17) Preclude Minor from offering opinions on T-Mobile's roaming network other than with respect to the exchange network provided by Syniverse.**

Denied as moot. The parties have stipulated to this issue (*See* Filing No. 404).

**18) Preclude any evidence, argument, or testimony that the cost of building, buying, or exclusively leasing backhaul would exceed two times the cost of leasing backhaul.**

Deferred until trial.

**19) Preclude any opinion testimony or argument that the parties would have agreed to a running royalty at a hypothetical negotiation in February 2012.**

Deferred until trial.

**20) Preclude statements that a specific entity (as opposed to a system or network) is part of the Internet.**

Denied.

**21) Preclude testimony or evidence regarding hacking, or any argument that networks that are subject to "hacking attacks" are untrusted.**

Denied.

**22) Preclude any reference to any specific network, including the U.S. Military's or T-Mobile's networks, having ever been hacked.**

Denied.

**23) Preclude any evidence, argument, or testimony that whether the "path to access the network" is undefined depends on the location of the user device or the pathway between a user device and the accused untrusted network.**

Denied.

**24) Preclude any evidence, argument, or testimony that the Court's claim construction for the Internet Protocol network terms requires no "single" controlling organization.**

Denied.

**25) Preclude evidence, argument, or testimony that the provision of Internet access is a protected resource.**

Denied.

**26) Precluding any reference during opening statements to any exhibits that are the subject of dispute regarding admissibility, to the extent objections to such exhibits have not been resolved in advance of trial.**

Deferred until trial.

**27) Preclude Prism from making arguments during opening statement, including anticipating and rebutting T-Mobile's presumed defenses.**

Denied.

**28) Preclude reference to any document being confidential or highly confidential, to the extent those legends were placed on the documents for production in this litigation.**

Deferred until trial.

**29) Preclude Prism's counsel from making introductory comments to characterize or describe a witness or the testimony being provided when showing video clips of T-Mobile employees' deposition testimony.**

Granted.

DATED this 5th day of October, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court