IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
PRISM TECHNOLOGIES, LLC,      )
                              )
            Plaintiff,        )        8:12CV124
                              )
      v.                      )
                              )
T-MOBILE USA INC.,            )        MEMORANDUM AND ORDER
                              )
            Defendant.        )
_____)
```

This matter is before the Court on two related motions filed by plaintiff Prism Technologies, LLC ("Prism"). First, Prism filed a motion (Filing No. 355) to strike the defendant, T-Mobile USA, Inc.'s ("T-Mobile"), untimely document production and non-infringing alternative theories. Second, Prism filed a motion (Filing No. 369) to exclude the expert testimony of T-Mobile's rebuttal damages expert W. Christopher Bakewell. After reviewing the motions, briefs, indices of evidence, and the relevant law, the Court finds as follows.

**Background**

Prism alleges infringement of two patents, U.S. Patent No. 8,127,345 ("'345 patent"), and U.S. Patent No. 8,387,155 ("'155 patent") by defendant. In this matter, fact discovery closed on February 14, 2014 (Filing No. 161). Expert discovery closed on June 6, 2014 (*Id.*). Mr. Proctor, T-Mobile's technical expert, served his report on May 27, 2014. Prism's damages

expert submitted a supplemental damages report on November 26, 2014.  T-Mobile's served its rebuttal damages report by W. Christopher Bakewell on August 9, 2015.

Prism moves this Court to strike T-Mobile's reliance on ten documents that were produced after the close of fact discovery.  Prism alleges that T-Mobile produced untimely documents on August 19, 2015, that should have been produced pursuant to a motion to compel.  After the filing of the motion to compel in September of 2013, the parties agreed that T-Mobile would produce its "backhaul network documents, specifically relating to alternative access vendors . . . ."  (Filing No. 357, Exhibit 2).  T-Mobile contends that the documents produced on August 19, 2015, are either Internet service provider agreements ("ISP agreements"), which were not covered by Prism's document request, or the documents were created after the close of fact discovery.

In addition, Prism moves this Court to strike T-Mobile's non-infringing alternative theories and prevent T-Mobile's experts from testifying at trial on these matters.  Prism alleges that T-Mobile denied the existence of a non-infringing alternative during fact discovery and did not produce any documents regarding a non-infringing alternative.  However, T-Mobile experts disclosed a non-infringing alternative after the

-2-

close of fact discovery. T-Mobile argues that the factual background relating to the non-infringing alternatives and the experts reports discussing non-infringing alternatives are timely and proper.

Prism also moves this Court to exclude the expert testimony of W. Christopher Bakewell ("Bakewell"). Prism contends that the testimony of T-Mobile's rebuttal damages expert Bakewell is fundamentally flawed and unreliable. In addition, Bakewell intends to rebut Prism's damages expert based on the non-infringing alternatives. T-Mobile argues that Bakewell's rebuttal opinion is grounded in the *Georgia-Pacific* factors and Prism's objections go more to weight than admissibility.

**Law**

**I. Motion to Strike**

Pursuant to Federal Rule of Civil Procedure 37, if a party fails to provide information as required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." While the Court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the Court should be guided by the following factors: (1) the prejudice or surprise to the party against whom

the testimony is offered; (2) the ability to cure any prejudice; (3) the potential for trial disruption if the testimony is allowed; and (4) the erring party's bad faith or willfulness. *Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2013 WL 1819773, at *7 (D. Kan. April 30, 2013).

## II. *Daubert* Motion

Federal Rule of Evidence 702 provides that expert opinion testimony is permissible if it is based on scientific, technical, or other specialized knowledge and will assist the trier of fact.  Expert opinion testimony must be given by a person qualified as an expert based on experience, training, or education.  Under Rule 702, the Court must consider whether (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.  A trial judge has a gatekeeping responsibility to "ensure that an expert's testimony rests on a reliable foundation and is relevant to the task at hand."  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).  The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence.  *Daubert*, 509 U.S. at 592.

Rule 702 is one of admissibility rather than exclusion. *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). Case law shows that rejection of expert testimony is the exception rather than the rule. *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1069, 1101 (8th Cir. 2006). "Vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

**Discussion**

**I. Motion to Strike**

    **A. Ten Disclosed Documents**

The ten documents Prism moves to strike include two ISP agreements and eight alternative access backhaul vendor agreements ("AAV agreements") that were created after the close of fact discovery. T-Mobile alleges that it was not obligated or able to produce the documents during discovery. T-Mobile eventually provided the documents to Prism, and the disclosure was only possible after the close of discovery. The Court will deny Prism's motion to strike and rule on the admissibility of the documents at trial.

**B. Non-Infringement Alternatives**

T-Mobile argues that Prism's interrogatory, request for production, and Rule 30(b)(6) deposition topic relating to non-infringing alternatives were only directed to *efforts* T-Mobile made to not infringe on Prism's patents. Prism's requests never asked the question of what non-infringing alternatives would have been available at a hypothetical negotiation. T-Mobile always stated that it made no efforts to implement non-infringing alternatives because it did not infringe the patents. T-Mobile never disclosed a non-infringing alternative theory during fact or expert discovery.

T-Mobile points to case law that draws a distinction between *efforts* to design non-infringing alternatives and the *existence* of such alternatives. *See Ameritox Ltd. v. Millenium Health, LLC*, No. 13-cv-832-wmc, 2015 WL 1520821 (W.D. Wis. April 3, 2015). However, T-Mobile produced no documents or witnesses to support a theory on non-infringing alternatives. T-Mobile now wants its experts to testify to the availability of non-infringing alternatives without any proof of the existence of such alternatives. T-Mobile points to its technical expert Proctor who interviewed T-Mobile engineers, but cannot recall which of the four engineers he spoke with provided the facts he relied upon to form his opinion on non-infringing alternatives.

-6-

Prism will be prejudiced by T-Mobile's failure to produce any documents or witnesses on non-infringing alternatives.  Prism was denied the opportunity to conduct discovery on this issue.  As a result, the Court will grant Prism's motion to strike the portions of the expert reports that rely on non-infringing alternatives and prevent any argument or evidence to be presented at trial on the matter.

**II. *Daubert* Motion**

After reviewing the briefs, and indices of evidence, the Court finds that Bakewell is qualified to testify as an expert in this matter.  Prism's objections to Bakewell's methodology go more to the weight to be afforded rather than admissibility.  Prism will have the opportunity to cross-examine, present contrary evidence, and highlight any weaknesses in Bakewell's testimony.  However, Bakewell will be excluded from testifying about any non-infringing alternative pursuant the Court's ruling on the motion to strike.  As a result, the Court will deny Prism's motion to exclude the testimony of Bakewell.  Accordingly,

IT IS ORDERED:

1) Plaintiff's motion (Filing No. 355) to strike defendant's untimely document production is denied.

      2) Plaintiff's motion (Filing No. 355) to strike defendant's non-infringing alternative theories is granted.

      3) Plaintiff's motion (Filing No. 369) to exclude the expert testimony of T-Mobile's damages expert W. Christopher Bakewell is denied. However, Bakewell may not present testimony regarding non-infringing alternatives.

      DATED this 8th day of October, 2015.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court