IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,       )
                              )
            Plaintiff,         )          8:12CV124
                              )
       v.                      )
                              )
T-MOBILE USA INC.,             )          MEMORANDUM OPINION
                              )
            Defendant.         )
_____)


        This matter is before the Court on both parties' post

trial motions.  The plaintiff moves for a new trial pursuant to

Federal Rule of Civil Procedure 59 (Filing No. 609).  Both

parties renewed their earlier motions pursuant to Federal Rule of

Civil Procedure 50(b) for judgment as a matter of law (Filing

Nos. 614 and 634).  In addition, the defendants moved for

attorney fees (Filing No. 622).  After reviewing the motions,

briefs, indices of evidence, and applicable law, the Court finds

as follows.

**Background**

        Prism Technologies, LLC ("Prism") filed suit against

T-Mobile USA, Inc. ("T-Mobile") on April 4, 2012, alleging patent

infringement.  Prism sought money damages from T-Mobile for

allegedly infringing United States Patent No. 8,127,345 ("the

'345 Patent") and United States Patent No. 8,387,155 ("the '155

Patent").  The case went to trial on October 13, 2015.  On

October 30, 2015, the jury returned a verdict in favor of defendant T-Mobile on all infringement claims.

**Standards of Review**

**I. Renewed Motions for Judgment as a Matter of Law**

In patent cases, a motion for judgment as a matter of law pursuant to Rule 50(b) is reviewed under the law of the regional circuit. *Synthes USA, LLC v. Spinal Kinetics, Inc.*, 734 F.3d 1332, 1340 (Fed. Cir. 2013). When considering a motion for judgment as a matter of law, a court "must determine whether or not the evidence was sufficient to create an issue of fact for the jury." *Lane v. Chowning*, 610 F.2d 1385, 1388 (8th Cir. 1979). The Court will grant a motion for judgment as a matter of law "when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." *Ehrhardt v. Penn. Mut. Life Ins. Co.*, 21 F.3d 266, 269 (8th Cir. 1994). In considering the motion, the Court views the record in the light most favorable to the prevailing party. *Wash Solutions, Inc. v. PDQ Mfg.*, Inc., 395 F.3d 888, 892 (8th Cir. 2005). The Court must also assume that all conflicts in the evidence were resolved in favor of the prevailing party, and the Court must assume as proved all facts that the prevailing party's evidence tended to prove. *E.E.O.C. v. Kohler Co.*, 335 F.3d 766, 772 (8th Cir. 2003). The motion should be denied unless the

Court concludes that no reasonable juror could have returned a verdict for the nonmoving party. *Billingsley v. City of Omaha*, 277 F.3d 990, 995 (8th Cir. 2002).

## II. Motion for New Trial

A motion for new trial is governed by Federal Rule of Civil Procedure 59. The standard for granting a new trial is whether the verdict is against "the great weight of the evidence." *Butler v. French*, 83 F.3d 942, 944 (8th Cir. 1996). In evaluating a motion for a new trial pursuant to Rule 59(a), the "key question is whether a new trial should have been granted to avoid a miscarriage of justice." *McKnight By & Through Ludwig v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994).

## III. Attorney Fees Under 35 U.S.C. § 285

Under 35 U.S.C. § 285, courts in exceptional cases "may award reasonable attorney fees to the prevailing party." The Supreme Court has stated that "an exceptional case" simply means a case "that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, L.L.C. v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). District courts have discretion in determining "whether a case is 'exceptional' in the case-by-case exercise

. . . considering the totality of the circumstances." *Id.* The Supreme Court enumerated the following, non-exclusive factors courts could consider, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.*, at 1756 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023, 127 L.Ed.2d 455 n.19 (1994)).

**Discussion**

**I. Renewed Motions for Judgment as a Matter of Law**

**A. Prism's Motion**

Prism moves for judgment as a matter of law pursuant to Rule 50(b) stating that the jury verdict of non-infringement was not supported by substantial evidence. Prism claims that: (1) T-Mobile incorrectly argued that it does not have authentication servers that authenticate identity data associated with client computer devices and are independent of the access servers; (2) T-Mobile argued that it did not control and provide access to protected computer resources; (3) that the Accused Systems do not provide access to protected computer resources over an untrusted internet protocol network; and (4) that Prism demonstrated that all other elements of the Asserted Claims were satisfied. Reviewing the record in the light most favorable to the

prevailing party, the Court finds that T-Mobile presented
sufficient evidence at trial that a reasonable juror could find
that T-Mobile did not infringe the asserted patents.  As a
result, the Court will deny Prism's motion.

## B. T-Mobile's Motion

T-Mobile moves for judgment as a matter of law pursuant
to Rule 50(b) on four grounds:  (1) the Asserted Claims are
ineligible under 35 U.S.C. § 101; (2) the Asserted Claims are not
novel under section 102(b) because the invention was offered for
sale before the critical date; (3) the Asserted Claims are
invalid under 35 U.S.C. § 112 because they do not adequately
describe the full scope of the claims; and (4) the Asserted
Claims are not entitled to the 1997 priority date, therefore
making the Asserted Claims invalid.  Prism opposes T-Mobile's
motion claiming that T-Mobile has already raised and lost every
argument brought in the Rule 50(b) motion, and that the jury had
a legally sufficient evidentiary basis to find Prism's patents
valid.

T-Mobile seeks judgment as a matter of law as to the
validity of the Asserted Patents.  The jury returned a verdict
finding that T-Mobile did not infringe the Asserted Patents.  The
jury did not return a verdict on the issue of validity of the
patents.  The jury verdict form instructed the jury that if it

found no infringement then it need not address the question of invalidity (*See* Filing No. 579).

The Court has already addressed some of T-Mobile's Rule 50(b) arguments in previous pre-trial orders. The Court denied T-Mobile's motion for summary judgment on patent ineligibility under 35 U.S.C. § 101 and granted Prism's partial summary judgment as to patent eligibility (*See* Filing No. 428). In addition, the Court found that the patents are entitled to the June 11, 1997, priority date (*See* Filing No. 465). No new evidence was presented at trial to make the Court change its decision from the previous orders.

T-Mobile alleges that the Asserted Claims are invalid under 35 U.S.C. § 102(b)'s on-sale bar. "Section 102(b) of the Patent Act of 1952 provides that no person is entitled to patent an 'invention' that has been 'on sale' more than one year before filing a patent application." *Pfaff v. Wells Elecs., Inc.,* 525 U.S. 55, 58, 119 S. Ct. 304, 142 L.Ed.2d 261 (1998). An on-sale bar applies when two conditions have been met before the critical date: (1) the product was the subject of a commercial offer for sale; and (2) the invention was ready for patenting. *Id.* at 67.

Testimony came out at trial that Prism made a proposal in March of 1996 to a company called DTN to help fund the development of the invention (*See* Filing No. 592, Trial Tr. at

-6-

188:4-19).  T-Mobile alleges that the product was subject of a
commercial offer for sale and that the invention was ready for
patenting in February of 1996.  Prism contends that Prism was not
offering to sell technology to DTN in March, but rather to work
to develop technology.  In addition, Prism states that T-Mobile
did not carry its burden by clear and convincing evidence that
the invention was ready for patenting prior to June 11, 1996.
After reviewing the applicable law, the trial transcripts, and
the evidence presented, the Court finds that a reasonable juror
could have found that one, or both, of the conditions applicable
to an on-sale bar may not have been met before the critical date.
Therefore, the Court will deny T-Mobile's claim for on-sale bar
pursuant to 35 U.S.C. § 102(b).

        Finally, T-Mobile seeks a judgment on invalidity of the
Asserted Patents based on written description.  Under 35 U.S.C.
§ 112, "[t]he specification shall contain a written description
of the invention."  To satisfy the written description
requirement a patent "must describe the manner and process of
making and using the invention so as to enable a person of skill
in the art to make and use the full scope of the invention
without undue experimentation" and the patent "must describe the
invention sufficiently to convey to a person of skill in the art
that the patentee has possession of the claimed invention at the

time of the application, i.e., that the patentee invented what is claimed." *LizardTech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336, 1344-45 (Fed. Cir. 2005). Viewing the evidence presented at trial, a reasonable juror could have found that the Asserted Patents did contain an adequate written description under § 112. Therefore, the Court will deny T-Mobile's renewed motion for judgment as a matter of law.

## II. Motion for New Trial

Prism contends that a new trial is proper because T-Mobile confused and misled the jury by arguing that the asserted claims cannot cover cellular networks because the word "cellular" does not appear in the asserted patents. In addition, Prism claims that T-Mobile mislead the jury by relying on improper alternative expert opinions. T-Mobile argues that their non-infringement defense was based on Prism's failure to meet its burden of proof that the accused networks practiced each limitation of the asserted claims, and not that the word "cellular" did not appear in the asserted patents. T-Mobile claims that its expert, Mr. Proctor, did not offer improper opinions. Therefore, Prism's motion for new trial should be denied.

After reviewing the facts, evidence, and the relevant law, the Court cannot say that the jury's verdict was against the

great weight of the evidence.  Therefore, the Court will deny Prism's motion for new trial.

### III. Attorney Fees

T-Mobile seeks attorney fees pursuant to 35 U.S.C. § 285.  T-Mobile, as the prevailing party, holds the burden to establish the trial was exceptional.  T-Mobile argues that Prism's case against T-Mobile was meritless and the manner in which Prism litigated the case was "exceptional" for purposes of § 285.  After reviewing the applicable legal standards, and the briefs, the Court finds that this case was not exceptional. Therefore, the Court will deny T-Mobile's motion for attorney fees.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 6th day of April, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court