NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**PRISM TECHNOLOGIES LLC,**
*Plaintiff-Appellant*

v.

**T-MOBILE USA, INC.,**
*Defendant-Cross-Appellant*

_____

2016-2031, 2016-2049

_____

Appeals from the United States District Court for the District of Nebraska in No. 8:12-cv-00124-LES-TDT, Senior Judge Lyle E. Strom.

_____

Decided: June 23, 2017

_____

PAUL J. ANDRE, Kramer Levin Naftalis & Frankel LLP, Menlo Park, CA, argued for plaintiff-appellant. Also represented by LISA KOBIALKA; MARK BAGHDASSARIAN, JONATHAN CAPLAN, AARON M. FRANKEL, CRISTINA MARTINEZ, New York, NY; ANDRE J. BAHOU, Prism Technologies, LLC, Brentwood, TN.

DANIEL J. THOMASCH, Gibson, Dunn & Crutcher LLP, New York, NY, argued for defendant-cross appellant. Also represented by KATHERINE QUINN DOMINGUEZ, JOSH

8:12-cv-00124-JFB-CRZ Doc # 685-1 Filed: 06/23/17 Page 2 of 8 - Page ID # 43984
Case: 16-2031    Document: 64-2    Page: 2    Filed: 06/23/2017

2            PRISM TECHNOLOGIES LLC v. T-MOBILE USA, INC.

KREVITT; JORDAN BEKIER, BLAINE H. EVANSON, Los Angeles, CA.

Before PROST, *Chief Judge,* LOURIE and SCHALL, *Circuit Judges.*

PROST, *Chief Judge.*

Prism Technologies LLC appeals from a final decision of the United States District Court for the District of Nebraska denying its motions for new trial and judgment as a matter of law. T-Mobile USA, Inc. cross-appeals the district court's final decision denying its motions for judgment as a matter of law. We affirm-in-part and reverse-in-part the district court's order as it relates to T-Mobile's issues on cross-appeal and dismiss Prism's appeal as moot.

I

These appeals involve U.S. Patent Nos. 8,127,345 and 8,387,155 (collectively, "patents-in-suit"). The '155 patent is a continuation of the '345 patent. Both patents relate generally to security systems for use with computer networks that provide a secure transaction system adapted for use with untrusted networks, such as the Internet. '345 patent col. 1 ll. 15–19. Claim 1 of the '345 patent is representative:[1]

> 1. A method for controlling access, by at least one authentication server, to protected computer resources provided via an Internet Protocol network, the method comprising:

---

[1] Prism does not dispute that claim 1 of the '345 patent is representative, at least for the purposes of its appeal. Appellant's Br. 15.

8:12-cv-00124-JFB-CRZ Doc # 685-1 Filed: 06/23/17 Page 3 of 8 - Page ID # 43985
Case: 16-2031    Document: 64-2    Page: 3    Filed: 06/23/2017

PRISM TECHNOLOGIES LLC v. T-MOBILE USA, INC.                              3

>   receiving, at the at least one authentication server from at least one access server, identity data associated with at least one client computer device, the identity data forwarded to the at least one access server from the at least one client computer device with a request from the at least one client computer device for the protected computer resources;
>
>   authenticating, by the at least one authentication server, the identity data received from the at least one access server, the identity data being stored in the at least one authentication server;
>
>   authorizing, by the at least one authentication server, the at least one client computer device to receive at least a portion of the protected computer resources requested by the at least one client computer device, based on data associated with the requested protected computer resources stored in at least one database associated with the at least one authentication server; and
>
>   permitting access, by the at least one authentication server, to the at least the portion of the protected computer resources upon successfully authenticating the identity data and upon successfully authorizing the at least one client computer device.

*Id.* at col. 34 ll. 17–42. The invention thus relates to systems and methods that control access to protected computer resources by authenticating identity data, i.e., unique identifying information of computer components. *Id.* at col. 1 l. 60–col. 2 l. 24; *see also id.* at col. 34 ll. 49–51 (claim 5) (reciting identity data of "hardware components"). If the authentication server successfully authenticates the client computer and determines that it is

8:12-cv-00124-JFB-CRZ Doc # 685-1 Filed: 06/23/17 Page 4 of 82 - Page ID # 43986
Case: 16-2031  Document: 64-2  Page: 4  Filed: 06/23/2017

4 PRISM TECHNOLOGIES LLC v. T-MOBILE USA, INC.

authorized, the system provides protected computer resources to that device over an untrusted network, such as the Internet. *Id.* at col. 3 ll. 47–64.

Prism sued T-Mobile for infringement of the patents-in-suit in the district court. After filing its answer and counterclaims, T-Mobile moved for summary judgment of patent ineligibility under 35 U.S.C. § 101, and Prism cross-moved for summary judgment of patent eligibility. The court granted Prism's motion, denied T-Mobile's, and the case proceeded to trial. Finding in T-Mobile's favor, the jury rendered a verdict of non-infringement of all asserted claims. J.A. 50–52. Prism moved for a new trial, citing what it perceived as T-Mobile's attempts to "confuse[] and misle[a]d the jury" by rearguing the court's claim construction. J.A. 38746. Additionally, it filed a motion for judgment as a matter of law ("JMOL") of infringement. T-Mobile similarly moved for JMOL on two motions, one seeking an exceptional-case finding under 35 U.S.C. § 285 and the other for patent ineligibility under 35 U.S.C. § 101. The court denied all post-verdict motions and these appeals followed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

On appeal, Prism asks the court to vacate the verdict and remand for a new trial on the issue of infringement. On cross-appeal, T-Mobile seeks a reversal of the district court's finding of subject-matter eligibility under § 101 and its denial of T-Mobile's request for an exceptional-case finding under § 285. We turn first to T-Mobile's cross-appeal.

### A

Patent eligibility under 35 U.S.C. § 101 is an issue of law reviewed de novo. *Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340–41 (Fed. Cir. 2013). To determine patent eligibility, we apply a

two-step process under *Alice Corp. Party v. CLS Bank International*, 134 S. Ct. 2347, 2355 (2014). *See also Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016) (referring to step one as the "abstract idea" step and step two as the "inventive concept" step). We review denial of JMOL motions under regional circuit law—here, the Eighth Circuit. *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.,* 563 F.3d 1358, 1370 (Fed. Cir. 2009). The Eighth Circuit reviews a district court's denial of a motion for JMOL de novo. *See Walsh v. Nat'l Comput. Sys., Inc.*, 332 F.3d 1150, 1158 (8th Cir. 2003).

On cross-appeal, T-Mobile argues that the asserted claims recite ineligible subject matter because they: (1) are directed to the abstract idea of controlling access to resources; and (2) are non-inventive because they recite generic computer hardware running generic computer software that performs the abstract functions routine to the process of restricting access. We agree.

Under step one, the district court properly concluded that the asserted claims are directed to the abstract idea of "providing restricted access to resources." J.A. 32. Although Prism contends that these claims cover a concrete, specific solution to a real-world problem, it does not proffer a persuasive argument in support of this conclusion. As T-Mobile correctly observes, the asserted claims are directed to an abstract process that includes: (1) receiving identity data from a device with a request for access to resources; (2) confirming the authenticity of the identity data associated with that device; (3) determining whether the device identified is authorized to access the resources requested; and (4) if authorized, permitting access to the requested resources. *See* Cross-Appellant's Principal & Resp. Br. 57–59 ("T-Mobile Response") (providing various pre-computer-age corollaries for which humans similarly restrict and provide access to resources). The patents-in-suit thus are directed to the

abstract idea of "providing restricted access to resources." *See In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 613 (Fed. Cir. 2016); *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367 (Fed. Cir. 2015).

Turning to step two, the district court concluded that the asserted claims "include inventive concepts to ensure that [the] patents in practice are more than just patents on restricting access to resources" because they "modify the way the Internet functions to provide secure access over a protected computer resource." J.A. 34. Here, the district court erred. The asserted claims merely recite a host of elements that are indisputably generic computer components. *See* '345 patent col. 34 ll. 17–42 (claim 1) (requiring an "authentication server," "access server," "Internet Protocol network," "client computer device," and "database"). Shifting the focus away from these generic components, Prism points to the recited "identity data" (such as a hardware identifier), the inclusion of which, it contends, "represents a specific and novel solution to a real problem and provides real benefits." Appellant's Reply & Cross-Appeal Resp. Br. 24. According to Prism, by combining these components with hardware identity data, the asserted claims "yield[] a novel, effective solution to real-world problems, which industry came to adopt several years after Prism's inventions." *Id.* at 50. But this does not rise to the level of an inventive concept.

The patents-in-suit themselves demonstrate the conventional nature of these hardware identifiers. *See, e.g.*, '345 patent col. 19 ll. 5–29 (citing third-party conventional identifiers). And there is no indication that their inclusion produces "a result that overrides the routine and conventional" use of this known feature. *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1258 (Fed. Cir. 2014). Viewed as an ordered combination, the asserted claims recite no more than the sort of "perfectly conventional" generic computer components employed in a customary manner that we have previously held insufficient to

transform the abstract idea into a patent-eligible invention. *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1321 (Fed. Cir. 2016). Because these claims fail step two as well, we conclude that they recite patent-ineligible subject matter under § 101.[2] Accordingly, we reverse the district court's § 101 ruling.

B

Next, we turn to T-Mobile's challenge regarding the court's denial of an exceptional-case finding under 35 U.S.C. § 285. An exceptional case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). District courts determine whether a case is exceptional on a case-by-case basis, considering the totality of the circumstances. *Id.* On appeal, we review for an abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1747 (2014).

T-Mobile advances three grounds to support its theory that the district court erred: First, it argues that Prism's case "was exceptionally weak" based on its infringement theory and assertion of claims that cover patent-ineligible subject matter under § 101, T-Mobile Response 67–69; second, that Prism deliberately elicited testimony to obscure the facts that demonstrate non-infringement, *id.* at 70–73; and third, that Prism presented an entirely new and unsupported infringement theory during closing argument, *id.* at 74–75. For these reasons, T-Mobile contends that the district court abused its discretion by denying its motion. We disagree.

---

[2] Having concluded that the asserted claims are ineligible under § 101, we dismiss Prism's appeal as moot.

8:12-cv-00124-JFB-CRZ Doc # 685-1 Filed: 06/23/17 Page 8 of 8 - Page ID # 43990
Case: 16-2031    Document: 64-2    Page: 8    Filed: 06/23/2017

8        PRISM TECHNOLOGIES LLC v. T-MOBILE USA, INC.

T-Mobile's decision to forego summary judgment of non-infringement belies its arguments regarding the purported weakness of Prism's infringement position. And its explanation that it elected "to build a trial record" instead does not provide a credible justification for this decision. Cross-Appellant's Reply Br. 18 n.3; *see also* Oral Arg. 27:55–28:05, http://oralarguments.cafc.uscourts.gov/mp3/2016-2031.mp3 (observing that the judge would have denied its motion by indicating that factual disputes remain). Further, when previously asserting these patents, Prism prevailed twice against T-Mobile's competitors, withstanding non-infringement and validity defenses. This weighs in Prism's favor as well. Finally, although we reverse the district court's patent-eligibility determination here, that alone does not demonstrate that it abused its discretion when determining that T-Mobile was not entitled to a § 285 exceptional-case finding under these particular facts. We thus affirm the court's § 285 ruling.

## CONCLUSION

We reverse the district court on § 101 patent eligibility, affirm its denial of an exceptional-case determination under § 285, and dismiss Prism's appeal as moot.

**AFFIRMED-IN PART, REVERSED-IN-PART, AND DISMISSED-IN-PART**

COSTS

Costs to T-Mobile.